**Weiliang LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4432–AG.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Gary J. Yerman, New York, NY, for Appellant.

James G. Martin, U.S. Atty., Andrew J. Lay, Asst. U.S. Atty., Eastern District of Missouri, St. Louis, MO, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges. and Hon. JED RAKOFF, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED** and the case is **RE-**

* Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**MANDED** to the BIA for proceedings consistent with this order.

Petitioner Weiliang Lin ("Lin") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This Court has held that "it is inappropriate [for an IJ] to base a credibility determination solely on the failure to provide corroborative evidence." *Diallo*, 232 F.3d at 287. "While corroboration may bolster credibility, an applicant may still be credible absent specific corroboration, especially where his or her explanations for the absence of corroboration are themselves credible." *Id.* at 290.

In the present case, the IJ's evaluation of Lin's credibility appears to indicate that the IJ made what *Diallo* terms an "explicit credibility finding." *Id.* The IJ concluded that Lin had "not given credible testimony." Holding that Lin's testimony was suspect "in the light of no corroborating evidence," the IJ impermissibly relied exclusively on the lack of proper corroborating evidence in reaching this decision. The IJ failed to point to anything, other than documentary evidence, that made Lin's story incredible. Moreover,

the documentary evidence provides significant support for Lin's claim to have fathered his wife's child. He produced a marriage certificate showing his marriage to Wu Wenying, a birth certificate for the first child bearing Wu Wenying's name as the mother, a photo of Lin with his wife, and a photo of his wife with two children. In the absence of a reasoned explanation by the IJ as to why these documents did not support Lin's testimony, the finding of lack of credibility is flawed.

■ If the IJ did not intend to make such a credibility determination, but rather intended to base his decision on Lin's failure to meet his burden of proof due to the insufficiency of Lin's evidence, the IJ failed to explain why (1) it was reasonable to expect Lin to produce the documents and photographs mentioned; and (2) why Lin's excuses for the missing documents were insufficient. *See Diallo,* 232 F.3d at 290 ("If the BIA insists on further corroboration, it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the candidate's] proffered explanations for the lack of such corroboration are insufficient.").

The Government calls our attention to section 101(e) of the Real ID Act, 119 Stat. 231 (2005), which instructs that "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." However, this new provision does not aid the Government because in the pending case the IJ has made no finding, one way

or the other, as to the availability of the documents that were not produced.

For these reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for proceedings consistent with this order.